**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FIRST BANK | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 11-CV-938 -GPM** |
| **EAGLE CENTER 10 LAND TRUST, et al.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the Plaintiff's first amended complaint to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

On October 21, 2011, the Plaintiff filed a complaint to foreclose mortgages, and also alleging a breach of notes and a breach of guaranties (Doc. 2). Plaintiff claimed federal jurisdiction pursuant 28 U.S.C. § 1332 (Doc. 2). On November 10, 2011, this Court ordered the Plaintiff to file an amended complaint on or before November 28, 2011, to properly allege jurisdiction under 28 U.S.C. § 1332.

The Plaintiff filed its first amended complaint in an attempt to comply with this Court's

November 10th order.   Indeed, the Plaintiff cured many deficiencies contained in the initial complaint. However, the Plaintiff's first amended complaint still fails to adequately plead the citizenship of one Defendant; Defendant Lincoln Center, LLC (Lincoln).

The Plaintiff alleges Lincoln is a limited liability company organized and existing pursuant to the laws of the State of Illinois (Doc. 16).  Limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The Plaintiff further alleges Lincoln's members are Ozier Investments, LLC and Robert G. Wolfe Revocable Trust (Doc. 16).  However, Ozier Investments, LLC is also a limited liability company in Illinois (Doc. 16).  Thus, the Plaintiff's analysis must continue one step further and identify the member(s) of Ozier Investments, LLC to properly allege jurisdiction under 28 U.S.C. § 1332.

Accordingly, pursuant to 28 U.S.C. § 1653, the Plaintiff is **ORDERED** to file an Amended Complaint **on or before December 12, 2011**, to fully set forth the citizenship of the Defendants. If the Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:        December 7, 2011                    s/*G. Patrick Murphy*

                                                        G. PATRICK MURPHY
                                                        United States District Judge